UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
KIRK BURROWES,                          :   No. 25-cv-7795
                                        :
                     Plaintiff,         :   NOTICE OF REMOVAL
                                        :
         v.                             :
                                        :
SEAN COMBS,                             :
                                        :
                     Defendant.         :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Sean Combs ("Defendant") hereby removes this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York. As grounds for removal, Defendant states as follows:

**STATE COURT ACTION**

1. On February 28, 2025, Plaintiff Kirk Burrowes ("Plaintiff") commenced an action in the Supreme Court of the State of New York, New York County, titled *Burrowes v. Combs*, Index No. 152856/2025 (the "Action"), by filing a summons and complaint (the "Complaint").

2. Plaintiff served Defendant with a copy of the Complaint on or about September 2, 2025. *See* 28 U.S.C. § 1446(a). To Defendant's knowledge, no other document, including any order, has been served upon him in the Action.

3. The only other substantive filings in the action to date are (1) a motion by Plaintiff for an extension of time to effectuate service of the Complaint and (2) an order granting that motion. Copies of all papers filed in the Action to date are attached as Exhibit A.

4. A copy of the docket in the Action is attached as Exhibit B.

5. This Notice of Removal is being filed within thirty days after Defendant was served with the Complaint. *See* 28 U.S.C. § 1446(b); Fed. R. Civ. P. 6(a)(1).

## BASIS FOR REMOVAL

6. Removal is proper because this Court has original jurisdiction over this action. There is complete diversity of citizenship among the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a); 28 U.S.C. §§ 1441(a)-(b).

7. Venue is proper in this district because the Southern District of New York includes New York County where the Action was filed.

## DIVERSITY OF THE PARTIES

8. Since 2020, Defendant has been a citizen, permanent resident, and domiciliary of the State of Florida. Defendant operates a motor vehicle under a State of Florida driver's license and is registered to vote in the State of Florida. Defendant files his individual federal and state tax returns in the State of Florida. *See O'Marcaigh v. Combs, et al.* (25-cv-03650-DMG (MAAx) U.S.D.C. – CDCA), Dkt. 18-2.

9. Defendant is presently incarcerated at the Metropolitan Detention Center in Brooklyn, New York, Compl. ¶ 16.  The place of incarceration is irrelevant to the question of domicile, and does not render Defendant a citizen of the State of New York. *See Fermin v. Moriarty*, No. 96 CIV. 3022 (MBM), 2003 WL 21787351, at *2 (S.D.N.Y. Aug. 4, 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile.").

10. Plaintiff does not allege his citizenship in the Complaint, however, publicly available documents, including Plaintiff's LinkedIn profile, establish that he is a citizen of the State of New

York. See Exhibit C (Plaintiff's LinkedIn profile); *see also* Exhibits D-E (first pages of two legal filings by Plaintiff confirming his domicile and residence in the State of New York).

## AMOUNT IN CONTROVERSY

11. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). A party seeking removal need only show a "reasonable probability that the amount in controversy is satisfied." *Cappuccilli v. Cokinos*, No. 24-CV-3045(KAM)(JMW), 2024 WL 3013604, at *3 (E.D.N.Y. June 14, 2024) (internal citation omitted).

12. While the Complaint does not include an exact monetary demand, it purports to allege that Defendant sexually assaulted Plaintiff. While these allegations are false, baseless, and reckless, the seriousness of these accusations leaves no basis to question that Plaintiff will be seeking damages in excess of $75,000. *See Veronese v. Kuebler*, No. 2:22-CV-2230-DCN-MHC, 2022 WL 17668202, at *3 (D.S.C. Aug. 23, 2022) ("The Complaint's allegations of trauma and ongoing suffering … together with Plaintiff's prayer for actual and punitive damages, are sufficient to satisfy the jurisdictional amount inquiry for purposes of diversity jurisdiction."); *Alderson v. Delta Air Lines, Inc.*, No. C18-1374JLR, 2018 WL 5240811, at *3 (W.D. Wash. Oct. 22, 2018) ("[J]ury verdicts in cases alleging rape and sexual assault routinely exceed $75,000."); *Doe v. Rose*, 2016 WL 81471, at *3 (C.D. Cal. Jan. 7, 2016) ("Due to the allegations of serious misconduct … the Court has no trouble concluding that Plaintiff's claims, if successful, would more likely than not produce damages well above $75,000."); *Juarbe v. Kmart Corp.*, No. 05CIV1138TPGTS, 2005 WL 1994010, at *2 (S.D.N.Y. Aug. 17, 2005) (same).

13. The Complaint purports to seek "punitive and exemplary" damages, reconfirming that the likely amount in controversy exceeds $75,000. *See Major v. Diageo N. Am., Inc.*, No. 22-CV-

3

3027 (LJL), 2022 WL 2003490, at *2 (S.D.N.Y. June 6, 2022) ("[T]he reference to the compensatory and punitive damages demand—together with the state court complaint to which it refers—plausibly establish an amount in controversy in excess of $75,000.")

## **REMOVAL PROCEDURE**

14. Defendant has complied with 28 U.S.C. § 1446(a) by attaching as <u>Exhibit A</u> all known process, pleadings, and orders in the Action.

15. Defendant has complied with 28 U.S.C. § 1446(b) by filing this Notice of Removal within 30 days of the service and receipt of the initial pleading. The Complaint was filed on February 28, 2025, and Defendant was served with the Complaint on or about September 2, 2025.

16. Defendant will comply with 28 U.S.C. § 1446(d) by promptly providing written notice of this Notice of Removal to Defendant and filing a copy of this Notice of Removal with the Clerk of the Supreme Court of New York, New York County.

17. In filing the Notice of Removal, Defendant does not waive any of his defenses including, without limitation, lack of personal jurisdiction and any affirmative defense under Fed. R. Civ. P. 8(c).

WHEREFORE, Defendant requests that the Action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: September 19, 2025
New York, New York

                                       JONATHAN D. DAVIS, P.C.

                               By:  */s/ Jonathan D. Davis*
                                          Jonathan D. Davis
                                          Colin J. Steelsmith

David C. Russell
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendant Sean Combs*