**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KIRK BURROWES,                                    :  No. 25-cv-7795 (MKV) (SDA)
                                                  :
                      Plaintiff,                  :  **ORAL ARGUMENT REQUESTED**
                                                  :
                                                  :
            -v-                                   :
                                                  :
                                                  :
SEAN COMBS,                                       :
                                                  :
                      Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANT'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S
<u>MOTION TO REMAND TO NEW YORK STATE COURT</u>**

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendant Sean Combs*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

BACKGROUND ................................................................................................................. 3

APPLICABLE LEGAL STANDARDS ................................................................................... 3

ARGUMENT ...................................................................................................................... 4

POINT I:    DIVERSITY OF CITIZENSHIP  EXISTS BECAUSE PLAINTIFF IS A NEW
            YORK  CITIZEN AND DEFENDANT IS A FLORIDA CITIZEN ........................... 4

POINT II:   DEFENDANT COMPLIED WITH ALL
            REQUIREMENTS FOR REMOVAL TO FEDERAL COURT ................................ 7

CONCLUSION ................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Behr v. Campbell*,
 2018 WL 11234898 (S.D. Fla. Apr. 16, 2018) .......................................................................... 8

*Chaves v. Exxon Mobil Corp.*,
 2007 WL 911898 (D. Conn. Mar. 23, 2007)............................................................................. 9

*Fermin v. Moriarty*,
 2003 WL 21787351 (S.D.N.Y. Aug. 4, 2003) .......................................................................... 5

*Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*,
 633 F. Supp. 2d 77 (S.D.N.Y. 2009)........................................................................................ 6

*Pierre v. Jack Cooper Transp. Co.*,
 2012 WL 6212845 (E.D.N.Y. Dec. 13, 2012) .......................................................................... 4

*Runaj v. Wells Fargo Bank*,
 667 F. Supp. 2d 1199 (S.D. Cal. 2009)..................................................................................... 8

*Titan Finishes Corp. v. Spectrum Sales Grp.*,
 452 F. Supp. 2d 692 (E.D. Mich. 2006).................................................................................... 8

*Urena v. Wolfson*,
 2010 WL 5057208 (E.D.N.Y. Dec. 6, 2010) ............................................................................ 5

*Van Buskirk v. United Grp. of Companies, Inc.*,
 935 F.3d 49 (2d Cir. 2019)........................................................................................................ 5

**Statutes**

28 U.S.C. § 1332............................................................................................................... *passim*

28 U.S.C. § 1446............................................................................................................... *passim*

28 U.S.C. § 1447...................................................................................................................... 7

This memorandum of law is respectfully submitted on behalf of Defendant Sean Combs ("Defendant") in opposition to Plaintiff Kirk Burrowes's ("Plaintiff") motion to remand this action to New York state court. [ECF No. 13] (the "Remand Motion" or "Mot.").[1]

## PRELIMINARY STATEMENT

The Remand Motion is a bad faith strategy to delay the dismissal of this action (the "Federal Action"). Federal jurisdiction is indisputably proper here, and Plaintiff's counsel, Tyrone A. Blackburn, is fully aware of that fact as he acknowledged Defendant's Florida citizenship in a federal action that he is pursuing against Defendant in the Central District of California. The Remand Motion is frivolous. Notably, Plaintiff's counsel has a record of filing cases in the improper court, among other things, and attempting to obscure the facts for which courts have admonished him. Davis Decl. Ex. A.

On November 10, 2025, Mr. Blackburn sent an email request seeking Defendant's consent to remand the Federal Action back to state court. Davis Decl., Ex. B. Before Defendant could even respond, Plaintiff filed the Remand Motion. Defendant's counsel nevertheless responded to Mr. Blackburn's email and identified the reasons why the motion was entirely baseless. On November 17, Defendant's counsel again emailed Mr. Blackburn to notify him that, unless he withdrew the now-filed Remand Motion, Defendant would serve upon him a sanctions motion under Fed. R. Civ. P. 11. Mr. Blackburn was requested to adjourn the Remand Motion to save Defendant the time and expense of litigating the motion while he considered whether to withdraw his motion. *Id.* Mr. Blackburn did not provide counsel with the professional courtesy of a response.

As detailed in Defendant's pending Fed. R. Civ. P. 12(b)(6) motion—which was filed on November 19, 2025—Plaintiff's complaint filed in state court ([ECF No. 1-1] the "Complaint")

---

[1] This declaration is accompanied by the Declaration of Jonathan D. Davis, dated November 19, 2025, with exhibits (the "Davis Decl.").

purports to allege a series of "crimes of violence" against Plaintiff in violation of the New York City Gender Motivated Violence Act (the "GMV"), which was enacted by the New York City Council. However, the GMV precludes all but one of the purported instances of misconduct because the other contrived conduct either: (1) predates the enactment of the GMV; or (2) occurred outside of New York City where the GMV is inapplicable.

The Complaint also is barred based upon the applicable statute of limitations because the purported "crimes of violence" revolve around events purportedly occurring thirty years ago. While Plaintiff relies on the "claim-revival" provision in the GMV to revive the time-barred claim, that revival provision is preempted by the New York Adult Survivors Act (the "ASA") enacted by the New York State Legislature.

The ASA, like the GMV, covers claims arising from "sexual offenses" under the New York Penal Law. However, the ASA amendment that revived otherwise time-barred claims expired on *November 24, 2023*, long before Plaintiff filed the Federal Action under the GMV. The New York City Council lacked authority to revive sexual assault-type claims beyond the deadline the State Legislature established as the law of New York.

This Court has jurisdiction over this matter under 28 U.S.C. § 1332, which vests the federal courts with jurisdiction over actions where: (1) the amount in controversy exceeds $75,000; and (2) there is complete diversity of citizenship between the parties. Plaintiff concedes that the amount in controversy requirement is met, but disputes that diversity of citizenship exists. Plaintiff is a citizen of New York, while Mr. Combs is a citizen of Florida. Diversity of citizenship is indisputable and permits federal jurisdiction here.

Further, Plaintiff's challenge to service of the removal papers [ECF No. 1] (the "Notice of Removal") is disingenuous and belied by the documentary record. Under 28 U.S.C. § 1446, which

2

addresses removal procedures, the removing party merely must provide "written notice" of removal. The statute does not require service under the Federal Rules of Civil Procedure ("Federal Rules"), as erroneously argued by Plaintiff. Defendant electronically filed the Notice of Removal in state court where Mr. Blackburn appeared of record (and is registered for electronic service), and separately emailed those papers the same day. These documentary facts were not revealed by Mr. Blackburn in the Remand Motion. Defendant is fully compliant with "written notice" under § 1446.

As set forth in greater detail below, the Remand Motion should be denied.

## BACKGROUND

Plaintiff filed this action in the Supreme Court of the State of New York (the "State Action"). [ECF No. 1-1]. While the State Action was pending, the parties' counsel conducted all communications by email.

By this Court's order, dated October 31, 2025, [ECF No. 8], Plaintiff was entitled to amend the Complaint by Friday, November 14, 2025, which opportunity Plaintiff waived. The order explicitly provided that **"Plaintiff is on notice that this will be his last opportunity to amend the complaint to cure any deficiency identified in the pre-motion letter, and failure to do so will be considered a waiver."** (Emphasis in original.)

## APPLICABLE LEGAL STANDARDS

"Diversity jurisdiction exists over 'civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States.' 28 U.S.C. § 1332(a)(1). "[C]itizens of different States" means that complete diversity must exist, *i.e.*, that each plaintiff's citizenship is different from the citizenship of each defendant. Whenever contested, "the burden falls squarely upon the removing party to establish its right to a

federal forum by competent proof." *Pierre v. Jack Cooper Transp. Co.*, 2012 WL 6212845, at *1 (E.D.N.Y. Dec. 13, 2012) (citation omitted).

## ARGUMENT

### POINT I

**DIVERSITY OF CITIZENSHIP
EXISTS BECAUSE PLAINTIFF IS A NEW YORK
CITIZEN AND DEFENDANT IS A FLORIDA CITIZEN**

Plaintiff does not dispute that the amount in controversy requirement under 28 U.S.C. § 1332 is met. The sole question is whether the parties are of diverse citizenship. Plaintiff alleges in the Complaint and elsewhere that he is a citizen of New York. Mot. at 3. Because Defendant is a citizen of Florida, the parties are diverse and this Court has subject matter jurisdiction over the Federal Action.

Since 2020, Defendant has been a resident and domiciliary of Florida. Plaintiff's counsel knew that fact when he filed the State Action because of his involvement in an action he filed in California against Defendant while representing a different plaintiff as *pro hac vice* counsel. *See O'Marcaigh v. Combs*, No. 25-cv-3650 (C.D. Cal.). As here, the plaintiff in *O'Marcaigh* filed her action against Defendant in California state court. However, Defendant removed the action based upon diversity of citizenship to the U.S. District Court for the Central District of California.

In response, the plaintiff in *O'Marcaigh* moved to remand the lawsuit to the California state court, claiming that Defendant was a citizen of California, not a citizen of New York, as is asserted here. *See O'Marcaigh* ECF No. 13 at 7. However, after discussions with counsel, Mr. Blackburn and his co-counsel agreed to withdraw the remand motion. Davis Decl., Ex. C, ¶ 7. Defendant filed a declaration in that action attesting to his legal residence and domicile in Florida. *Id.*, Ex. D.

Mr. Blackburn's gamesmanship and untruthfulness should not be tolerated by this Court. He cannot genuinely assert Defendant is a citizen of California in one case and then in another case, which was filed shortly thereafter, assert Defendant is a citizen of New York, particularly where he acknowledged Defendant is a Florida citizen.

Even though Mr. Blackburn made this flip-flop in positions, Defendant's citizenship did not—and could not—change because he visited New York and was incarcerated in a federal detention center in Brooklyn, New York (or transferred to FCI Fort Dix, New Jersey). *See Urena v. Wolfson*, 2010 WL 5057208, at \*13 (E.D.N.Y. Dec. 6, 2010) ("a prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state"); *Fermin v. Moriarty*, 2003 WL 21787351, at \*2 (S.D.N.Y. Aug. 4, 2003) ("It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile. Instead, the prisoner retains his preincarceration domicile.").

Regardless, the Remand Motion fails to establish that diversity of citizenship is absent here. The Complaint conspicuously omits any information that would indicate the propriety of the removal of this action to federal court, namely, the citizenship of the parties, including identification of either party's residence or domicile at the time of the filing of the pleading. Plaintiff's purported current residence or domicile is not alleged anywhere. And the Complaint alleges only that Defendant was a *resident* of New York "during the relevant time period," *i.e.*, when the events alleged in the Complaint purportedly occurred between 1992 and 2015. *See, e.g.*, Compl. ¶ 21. These allegations have no bearing on Defendant's *domicile*. *See Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) ("[R]esidence alone is insufficient to establish domicile for jurisdictional purposes.").

5

All relevant evidence regarding the parties' citizenship under federal law demonstrates that since 2020 Defendant was—and he continues to be—domiciled in Florida, and not New York. In determining a party's domicile, "[f]actors frequently taken into account … include current residence, voting registration, driver's license and automobile registration, location of brokerage and bank accounts, membership in fraternal organizations, churches, and other associations, places of employment or business, and payment of taxes." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009), *aff'd*, 406 F. App'x 507 (2d Cir. 2010). Applying these factors, since 2020, Defendant has been a resident and domiciliary of Florida, as he: (1) conducted his "day-to-day business affairs" from Florida; (2) holds a Florida driver's license; (3) is registered to vote in Florida; and (4) files his individual and state tax returns as a Florida resident. Davis Decl., Ex. D.

Plaintiff erroneously asserts that Defendant "established New York Domicile in September 2024." Mot. at 4. As the party alleging a change in domicile, Plaintiff "has the burden of proving intent to give up the old and take up the new domicile, coupled with an actual acquisition of a residence in the new locality … [and] faces a contrary presumption and must establish the change by clear and convincing evidence." *Kennedy*, 633 F. Supp. 2d at 81 (cleaned up). Plaintiff has not come close to meeting his burden.

The only purported evidence Plaintiff offers of Defendant's intent to relocate to New York is that he allegedly "moved to New York specifically to await federal charges," and then was incarcerated there. Mot. at 4. But the law is well-settled that where a party is incarcerated has no bearing on domicile, and the person retains his or her pre-incarceration domicile. *See Urena*, 2010 WL 5057208 at *13; *Fermin*, 2003 WL 21787351 at *2. That Defendant visited New York prior to his indictment, and was incarcerated in New York days later, does not alter matters. None of the

indicia for New York domicile are present here. Defendant did not purchase any property or residence in New York, obtain a New York driver's license or voter registration, or change where he reports and pays state and federal taxes. Plaintiff has not adduced any admissible, material evidence that Defendant intended to change his domicile from Florida to any other state. At most, he attempts to manipulate a lawyer's purported statement in the media, which is no evidence at all. And finally, Defendant is presently incarcerated in New Jersey, and not New York. Mot. at 4.

This Court has subject matter jurisdiction under 28 U.S.C. § 1332 and the Remand Motion should be denied.

## POINT II

### DEFENDANT COMPLIED WITH ALL
### REQUIREMENTS FOR REMOVAL TO FEDERAL COURT

Without a substantive basis to defeat removal of the Federal Action, Plaintiff pivots to contriving a procedural basis to do so. In particular, Plaintiff argues that remand is appropriate because Defendant did not properly serve him with the Notice of Removal, in accordance with Fed. R. Civ. P. 5, and therefore he did not comply with 28 U.S.C. § 1446. Mot. § II. Plaintiff is wrong and his assertion evidences the lack of good faith behind the Remand Motion.

The Remand Motion is untimely to the extent it seeks remand on any basis other that subject matter jurisdiction. Under 28 U.S.C. § 1447(c), a motion to remand for "*any* defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal" (emphasis added). Defendant filed the Notice of Removal on September 19, 2025. Plaintiff filed the Remand Motion on November 10, 2025, which is substantially more than the required 30 days for any reason "other than lack of subject matter jurisdiction." As demonstrated above, Defendant meets the requirements of diversity jurisdiction. Thus, Plaintiff's contention that he was not properly served with the Notice of Removal is untimely. While Plaintiff claims that

"service defects may be raised at any time," Mot. at 5, no authority is offered to support that incorrect assertion.

Regardless, Plaintiff's untimely motion is inexcusable and predicated on falsehoods. Plaintiff timely removed the State Action to this Court on September 19, 2025. When the Notice of Removal was filed in the Federal Action, Mr. Blackburn received notification of the removal by the state court electronic filing service. Davis Decl. Ex. A (Ex. A thereto at 1). Further, Defendant's counsel separately emailed Mr. Blackburn a copy of the removal filings, *see id.* and subsequently delivered several other filings in the Federal Action by the same method. *See id*. Indeed, neither Mr. Blackburn nor his Plaintiff submitted any evidence, whether in the form of a declaration or otherwise, that either one was not notified of the removal on September 19, 2025. Accordingly, Plaintiff could have timely raised objections to service within the required limits.

Even if the Remand Motion were filed timely, Plaintiff's service argument lacks any merit. Section 1446 does not require "service" of a notice of removal under the Federal Rules, it requires solely "written notice." *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant … shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court."). Courts have uniformly rejected an "insufficient service" argument to defeat removal, finding the form of notice used here, *i.e.*, an email attaching the removal filings, to constitute adequate "written notice" under Section 1446. *See Titan Finishes Corp. v. Spectrum Sales Grp.*, 452 F. Supp. 2d 692, 695–96 (E.D. Mich. 2006) ("Defendants' Counsel sent Plaintiff's counsel an email and voice mail messages notifying Plaintiff of Defendants' removal … the Court believes that Defendants complied with 28 U.S.C. § 1446(d)."); *see also Behr v. Campbell*, 2018 WL 11234898, at *2 (S.D. Fla. Apr. 16, 2018), *report and recommendation adopted*, 2018 WL 11234901 (S.D. Fla. May 4, 2018) ("Section

1446(d) does not require formal service pursuant to Rule 4. It merely requires 'written notice' … The Plaintiff does not deny receiving the written notice. Instead, she asserts that the manner of providing it to her was inadequate. This argument should be rejected."); *Runaj v. Wells Fargo Bank*, 667 F. Supp. 2d 1199, 1202 (S.D. Cal. 2009) (same); *Chaves v. Exxon Mobil Corp.*, 2007 WL 911898, at *2 (D. Conn. Mar. 23, 2007) ("There is no specific service requirement in the Federal Rules of Civil Procedure for a Notice of Removal.").[2]

The Court should reject Plaintiff's improper service argument.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court deny the Remand Motion, together with such other and further relief as the Court deems just and proper.

Dated:  November 20, 2025
New York, New York

Respectfully submitted,

JONATHAN D. DAVIS, P.C.

By:  */s/ Jonathan D. Davis*
Jonathan D. Davis
Colin J. Steelsmith
David C. Russell
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464
jdd@jddavispc.com
cjs@jddavispc.com
dcr@jddavispc.com

---

[2] *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), which is relied on by Plaintiff, addresses only service of a summons and complaint for the purpose of triggering the 30-day clock to remove an action from state to federal court. The case does not address what service method may be used to serve a party with notice of removal.