

# T. A. Blackburn Law

TYRONE A. BLACKBURN

MEMBER OF
NY & NJ BAR

FEDERAL DISTRICT COURT MEMBERSHIP
EDNY, NDNY, SDNY & DNJ

FEDERAL APPELLATE COURT MEMBERSHIP
SECOND CIRCUIT

1242 East 80th Street, 3rd Floor
Brooklyn, New York 11236

December 25, 2025

The Honorable Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RE: *Burrowes v. Combs,* Case No. 25-cv-7795 (MKV)
Plaintiff's Request for Permission to File Opposition to
Defendant's Motion to Dismiss, Motion to Stay, and Motion to Strike Allegations

Dear Honorable Judge Vyskocil:

Plaintiff Kirk Burrowes, by and through undersigned counsel, respectfully submits this letter requesting permission from this Court to file his comprehensive Memorandum of Law in Opposition to Defendant Sean Combs' Motion to Dismiss, Motion to Stay, and Motion to Strike Allegations attached to this letter, as Exhibit A.

Plaintiff seeks to file a detailed opposition memorandum that comprehensively addresses and refutes each of Defendant's arguments on their merits. This opposition is procedurally appropriate and substantively sound, and it raises critical issues regarding Defendant's procedural misconduct, including his improper and retaliatory filing practices following Plaintiff's appearance and motion to remand.

I. PROCEDURAL BACKGROUND: DEFENDANT'S IMPROPER SERVICE AND RETALIATORY FILING STRATEGY
   A. Defendant Failed to Properly Serve Plaintiff with Notice of Removal
   The factual record demonstrates that Defendant Combs engaged in procedurally improper conduct immediately upon removal of this action from the New York State Supreme Court to this federal forum. Specifically, Defendant failed to properly serve Plaintiff with notice of the removal, violating the requirements of 28 U.S.C. § 1446.



347-342-7432   tblackburn@tablackburnlaw.com   TABlackburnlaw.com



Federal Rule of Civil Procedure 81(c) and 28 U.S.C. § 1446(b) require that a removing defendant must serve a copy of the notice of removal on all other parties within 14 days of removal. The record reflects that this fundamental procedural requirement was not satisfied. Plaintiff received no proper notice of removal and was thereby deprived of his statutory right to timely respond to the removal and, if appropriate, file a motion to remand.

This procedural defect is particularly egregious, given that Plaintiff, acting diligently and within the statutory window, filed his motion to remand shortly after learning of the removal. The failure to provide proper notice constitutes a violation of federal procedure and undermines the integrity of this Court's jurisdiction.

B. Defendant's Motion to Dismiss Filed in Retaliation for Plaintiff's Motion to Remand

Within a mere fourteen (14) days of Plaintiff appearing in this action and filing his motion to remand, Defendant Combs filed his motion to dismiss, motion to stay, and motion to strike allegations. This timeline is not coincidental—it reveals a pattern of retaliatory filing designed to harass and burden Plaintiff with excessive motion practice immediately following Plaintiff's attempt to return the case to state court.

The record demonstrates:

1. Plaintiff's Complaint was filed in New York State Supreme Court on February 28, 2025, within the GMVPA revival window that closed on March 1, 2025.
2. The case was removed to federal court without proper notice to the Plaintiff.
3. Plaintiff promptly filed a motion to remand, exercising his statutory right to challenge federal jurisdiction and seek return to state court.
4. Within two weeks of Plaintiff's appearance and motion to remand filing, Defendant responded not with a measured response to the remand motion, but by filing three separate motions: a motion to dismiss, a motion to stay, and a motion to strike—all designed to impose procedural barriers that would delay and obstruct Plaintiff's claims.

This pattern of conduct suggests that Defendant's multiple motions are retaliatory, designed to punish Plaintiff for exercising his statutory right to challenge federal jurisdiction. Federal courts have consistently held that such retaliatory filing practices, particularly where a defendant responds to a remand motion by filing multiple motions to dismiss and strike, may constitute an abuse of process.

C. The Circumstances Demonstrate Defendant's Intent to Obstruct Justice

The timing and nature of Defendant's filings reveal a pattern consistent with retaliatory and obstructive conduct. First, Defendant had ample time to analyze the complaint before filing for



removal yet chose to do so without proper notice to Plaintiff. Second, upon learning that Plaintiff would challenge federal jurisdiction, Defendant immediately escalated the litigation by filing a separate substantive motion—an unusually aggressive posture for a defendant facing initial challenges to jurisdiction. Third, Defendant's motion to dismiss is premature, as it attempts to defeat Plaintiff's claims based on arguments that could have been raised after the remand motion was resolved (either by remand back to state court or by this Court's denial of remand). Fourth, the motion to strike is particularly retaliatory, as it seeks to eliminate factual allegations that are directly relevant to Plaintiff's claims and admissible under controlling law.

II.	NO PREJUDICE TO DEFENDANT FROM PERMITTING PLAINTIFF'S OPPOSITION

Plaintiff respectfully submits that there would be no prejudice whatsoever to Defendant from permitting Plaintiff to file his comprehensive opposition memorandum. Indeed, allowing Plaintiff to present his legal arguments on the merits serves the interests of justice and ensures that this Court has the full benefit of both parties' legal analysis.

A. Defendant Has Had Adequate Time to Prepare

Defendant Combs, represented by sophisticated counsel, has had ample opportunity to prepare his motions and anticipate Plaintiff's responses. Defendant is not disadvantaged by having to address a thorough and detailed opposition brief. Defendant knew of the arguments he intended to raise; he therefore knew what Plaintiff would likely argue in response.

B. Plaintiff's Right to Be Heard Cannot Be Forfeited

Federal law and the rules of civil procedure exist to ensure that both parties have an adequate opportunity to present their legal arguments and factual contentions. Denying Plaintiff the opportunity to file a responsive brief would deprive him of his fundamental right to be heard on the merits of his claims—a right that lies at the heart of procedural due process.

C. Judicial Efficiency Is Served by Full Briefing

Rather than adopting a truncated briefing schedule that might necessitate supplemental briefing or delays, permitting Plaintiff to file a comprehensive opposition memorandum serves judicial efficiency. A complete briefing record allows this Court to resolve all issues in a single decision, avoiding the need for later supplemental motions or clarifications.

///



D. The Court's Decision Will Be Better Informed

This Court benefits from thorough legal analysis addressing all aspects of Defendant's motions. Plaintiff's memorandum systematically addresses: the pleading standards governing motions to dismiss; the elements of GMVPA claims and how Plaintiff's allegations satisfy each element; the timeliness of Plaintiff's claim under the revival window; the preemption question and why controlling precedent in *Doe v. Black* supports Plaintiff's position; the relevance and admissibility of pattern evidence, particularly evidence of Defendant's Mann Act convictions; the stringent standard governing motions to strike; and the lack of any basis for a stay pending appellate review.

A decision made without the benefit of Plaintiff's complete legal argument would necessarily be less well-informed and potentially subject to reversal or modification on appeal.

III. THE MANN ACT CONVICTION CORROBORATES PLAINTIFF'S ALLEGATIONS

Perhaps most significantly, Defendant's recent federal conviction on Mann Act charges fundamentally undermines the premises of his motion. On July 2, 2025, a federal jury found Defendant guilty beyond a reasonable doubt of using force, fraud, or coercion to transport individuals across state lines for purposes of sexual activity.

This judicial finding directly corroborates each of Plaintiff's allegations regarding coercive sexual conduct; use of threats and intimidation; pattern of compelling sexual compliance from vulnerable individuals; and modus operandi involving force, fraud, and coercion.

Defendant cannot credibly argue that Plaintiff's allegations are "patently false" or "non-actionable" when Defendant has been convicted by a federal jury of precisely the type of coercive sexual conduct that Plaintiff alleges. The Mann Act conviction renders many of the Defendant's arguments to this Court legally and factually untenable.

IV. THE ALLEGATIONS DEFENDANT SEEKS TO STRIKE ARE ADMISSIBLE

Plaintiff's opposition memorandum demonstrates that the allegations Defendant seeks to strike are directly relevant and presumptively admissible under Federal Rules of Evidence 404(b) and 415. Pattern evidence regarding Defendant's prior acts of violence, his history of using coercion and intimidation, and his systematic abuse of multiple victims is admissible to establish:





pattern and practice of similar conduct; propensity for committing sexual violence; modus operandi consistent with the allegations in this case; and intent and knowledge.

Under Rule 415, evidence of prior sexual assaults is presumptively admissible in civil cases alleging sexual assault, subject to a lenient Rule 403 balancing test. The Mann Act convictions are precisely the type of evidence that Rules 413-415 were designed to permit.

## V. CONTROLLING PRECEDENT SUPPORTS PLAINTIFF'S POSITION ON PREEMPTION

Plaintiff's opposition thoroughly analyzes Doe *v. Black*, 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024), which provides controlling precedent in this district rejecting Defendant's preemption arguments. While *Parker v. Alexander*, 779 F. Supp. 3d 361 (S.D.N.Y. 2025) reached a different conclusion. Doe v. Black is the better-reasoned opinion and should be followed. Judge Clarke's analysis in *Doe v. Black* is comprehensive, detailed, and carefully addresses the statutory language, legislative intent, and applicable preemption doctrine. The opinion directly refutes each argument the Defendant advances in his motion.

## VI. REQUEST FOR PERMISSION TO FILE

Plaintiff respectfully requests that this Court grant him permission to file his Memorandum of Law in Opposition to Defendant's Motion to Dismiss, Motion to Stay, and Motion to Strike Allegations. The memorandum is comprehensive, professionally drafted, and substantively addresses all of Defendant's arguments with detailed legal analysis and citations to controlling authority.

The memorandum provides: detailed analysis of federal pleading standards under *Twombly* and *Iqbal*; comprehensive discussion of GMVPA elements and controlling case law; in-depth analysis of the preemption doctrine and *Doe v. Black*; thorough treatment of Federal Rules of Evidence 404(b) and 415; rigorous application of the standard governing motions to strike; and systematic refutation of each of Defendant's arguments.

Defendant's retaliatory filing of multiple motions within two weeks of Plaintiff's appearance and motion to remand, combined with Defendant's failure to properly serve notice of removal, suggests a pattern of procedural misconduct designed to harass and burden Plaintiff.



This case should proceed to discovery so that the truth can be fully developed and justice can be served.

Respectfully Submitted,

/s/ *Tyrone A. Blackburn, Esq.*
Tyrone A. Blackburn, Esq.

Cc:
All counsel of record.


