# JONATHAN D. DAVIS, P.C.

ATTORNEYS AT LAW

1 ROCKEFELLER PLAZA
SUITE 1712
NEW YORK, NEW YORK 10020

TEL: (212) 687-5464
FAX: (212) 697-2521
WWW.JDDAVISPC.COM

January 6, 2026

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
500 Pearl Street, Courtroom 14A
New York, New York 10007

      Re: <u>Burrowes v. Combs</u>, Case No. 25-cv-7795 (MKV) (SDA)

Dear Judge Vyskocil:

      We are the attorneys for Defendant Sean Combs in the above-referenced action. We respond to the December 25, 2025 letter filed by Plaintiff's lawyer, Tyrone A. Blackburn, which both chastises this firm and seeks, through improper letter-writing, relief from Plaintiff's default in timely responding to Defendant's permitted motion to dismiss the Complaint. [ECF Nos. 8, 16–18]. Notably, despite awareness of all deadlines set by the Court, Mr. Blackburn neither amended the Complaint nor opposed the motion. The motion to dismiss should be granted because, not only has the statute of limitations run on the alleged Gender Motivated Violence Act claim, but the incident underlying the claim is inactionable because it allegedly occurred outside of New York City. Thus, allowing Plaintiff to respond to the motion after defaulting would make no difference.

      Mr. Blackburn's letter is another instance of his gamesmanship in litigating cases and contriving foul play in this case, namely, the supposed "improper and retaliatory filing practices," when no such misconduct exists. Mr. Blackburn is the sole source of his own grievances concerning this action, which he created by his own inattentiveness. His claims of lack of notice of the removal of this action and other assorted procedural improprieties and obstructions are demonstrably untrue.

      As we previously addressed with the Court, Mr. Blackburn elected to file Plaintiff's lawsuit against Mr. Combs in New York state court (the "<u>State Action</u>"), but he omitted information that entitled its removal to federal court based on the parties' diversity of citizenship.[1] [ECF No. 15 & 15-1–15.5 (re-filed version)]. On September 19, 2025, Defendant timely removed the State Action to the Southern District of New York (the "<u>Federal Action</u>").

---

[1] As discussed in the various cases cited *infra* admonishing Mr. Blackburn, filing cases in an improper venue and attempting to obscure facts is his practice.

The Honorable Mary Kay Vyskocil
January 6, 2026
Page 2

As required, the Notice of Removal was filed in the State Action. Because he appeared as Plaintiff's counsel in the State Action, Mr. Blackburn received an electronic notice of the removal of the case from the Supreme Court of New York under the electronic filing system ("NYSCEF"). *See* Ex. A - NYSCEF Doc. No. 9. We also separately served Mr. Blackburn with the Notice of Removal by email. *See* Ex. B (without attachment). The parties had regularly been corresponding by email in the State Action. We continued to serve Mr. Blackburn by email with other filings in the Federal Action, including: (1) the pre-motion conference letter [ECF No. 6]; and (2) the Court's scheduling order ("Scheduling Order") [ECF No. 8]. *See* Exs. C (without attachment) & D (with attachment). Mr. Blackburn never objected to service by email, and he plainly received the emails sent to him, as is evidenced by his filing of the required Notice of Appearance in response to the Scheduling Order. Mr. Blackburn's representation that he was unaware of the removal of the case and the various other filings in the Federal Action is demonstrably untrue.

But Mr. Blackburn's falsehoods to the Court do not stop there. In his recent December 25 letter, he rehashes his prior claim that the Notice of Removal was improperly served. [ECF No. 22]. As before, this statement is demonstrably untrue because the Scheduling Order required only that Defendant "provide" Plaintiff with a copy of that order. [ECF No. 8]. It did not mandate a particular method of service, whether under Fed. R. Civ. P. 5 or the Local Civil Rules, as Mr. Blackburn inaccurately claimed. Faced with these indisputable facts and the prospect of Rule 11 sanctions, Mr. Blackburn withdrew his baseless remand motion on December 19, 2025, the last possible day. On November 28, 2025, Defendant served, but did not file, in accordance with Rule 11(c), the planned motion against Plaintiff for sanctions. That Mr. Blackburn would reprise his specious improper service argument is a form of vexatious litigation practice, as it unnecessarily burdens and imposes legal fees and costs on Mr. Combs to readdress Plaintiff's abandoned and baseless remand motion—not to mention the legal fees Defendant incurred in preparing the sanctions motion.

As it was permissible to remove the State Action, Defendant was likewise entitled to file the motion to dismiss. Under the Scheduling Order, the Court observed that Mr. Blackburn failed to respond to Defendant's pre-motion letter. [ECF No. 8 at 1]. The Court concluded that a pre-motion conference was unnecessary and granted Defendant's permission to file his proposed motion. *Id.* Plaintiff was then provided until November 7, 2025 to notify the Court by letter whether he intended to amend the Complaint. If so, then the Court permitted Plaintiff until November 14, 2025, to amend his pleading, but if he failed to do so, then he was "**on notice that this will be the last opportunity to amend the complaint to cure any deficiency identified in the pre-motion letter, and failure to do so will be considered a waiver.**" *Id.* (emphasis in original). In the absence of an amended complaint, the Court further ordered Defendant to file his contemplated motion to dismiss by November 21, 2025. *Id.* at 2.

In compliance with the Scheduling Order, on November 19, 2025, Mr. Combs filed a motion to dismiss (which included alternative relief for a stay and striking of certain scandalous, immaterial, and irrelevant allegations). [ECF Nos. 16, 17, 17-1, 18]. Contrary to Mr. Blackburn's demonstrably untrue statements, Defendant filed a single motion—not "multiple motions to dismiss and strike," and did so under the order of this Court. That Mr. Blackburn would

The Honorable Mary Kay Vyskocil
January 6, 2026
Page 3

characterize the motion to dismiss as "retaliatory and designed to punish Plaintiff," or as potentially "an abuse of process," is not only ludicrous but inexplicable. Moreover, the requested relief to strike if the Complaint was not dismissed was warranted because numerous allegations in that pleading have nothing to do with Plaintiff, or concern claims litigated 30 years ago between Plaintiff and Defendant, which were dismissed with prejudice and are *res judicata*.

Plaintiff's remaining meandering arguments regarding forfeiture, efficiency, completeness, and Defendant's conviction (which is under appeal) should be disregarded. None of it matters or makes sense. What is relevant is Plaintiff's failure to timely amend his pleading, timely respond to the motion to dismiss, or seek a timely extension. Notwithstanding his receipt and knowledge of the Scheduling Order, Mr. Blackburn did not act until after the expiration of the applicable deadlines to file an amended complaint or to oppose the motion to dismiss. That he filed a baseless remand motion, and then withdrew it, had no impact on those deadlines. It is respectfully submitted that the motion to dismiss the Complaint is unopposed and should be granted.

As we pointed out previously, Mr. Blackburn's attempt to recharacterize his purposeful inaction is indefensible, and is symptomatic of his unethical approach to litigation, which has led to him being repeatedly admonished by courts. *See* ECF No. 15 at 2 (citing *Kertesz v. Colony Tire Corp.*, 2025 WL 2779094, at *6 n.12 (D.N.J. Sept. 30, 2025); *Jakes v. Youngblood*, 2025 WL 2371007, at *1 (W.D. Pa. June 26, 2025); *Jones v. Combs*, 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025); and *Zunzurovski v. Fisher*, 2024 WL 1434076, at *2 (S.D.N.Y. Apr. 3, 2024)). Since our last letter to the Court, Mr. Blackburn was sanctioned by District Judge Leo M. Gordon in *Gardner v. Combs, et al.*, No. 24-cv-7729, pending in the U.S. District Court for the District of New Jersey. There, Mr. Blackburn cited to "a non-existent case ... and fabricated legal propositions derived from generative artificial intelligence" when he opposed the defendants' motions to dismiss. *See* Op. & Order, ECF No. 92 at 1. The district court found "Mr. Blackburn's conduct plainly violated Rule 11." *Id.* at 5.

We respectfully request that the Court deny Plaintiff "permission" to oppose Defendant's motion to dismiss. Mr. Blackburn continues to defy federal practice and the Court's Individual Rules (including instructions on page limitations), and he continues to make demonstrably untrue statements in his filings. We thank the Court in advance for its consideration of the above.

Respectfully submitted,

*/s/ Jonathan D. Davis*

Jonathan D. Davis

JDD:hs

cc: All Counsel of Record (Via ECF)