**UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

KIRK BURROWES,                                     : No. 25-cv-7795 (MKV) (SDA)
                                                   :
            Plaintiff,        : **ORAL ARGUMENT REQUESTED**
                                                   :
       v.                              :
                                                   :
SEAN COMBS,                                        :
                                                   :
           Defendant.          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S MOTION TO
DISMISS THE COMPLAINT, OR, ALTERNATIVELY, TO STAY
THE ACTION, AND TO STRIKE SCANDALOUS AND IRRELEVANT MATERIAL**

JONATHAN D. DAVIS, P.C.
1 Rockefeller Plaza
Suite 1712
New York, New York 10020
(212) 687-5464

*Attorneys for Defendant Sean Combs*

i

**TABLE OF CONTENTS**

REPLY STATEMENT ........................................................................................................ 1

POINT I: THE GMV CLAIM IS INADEQUATELY PLEADED AND TIME-BARRED .......... 3

    A.    The GMV Claim Is Inadequately Pleaded ..................................................................3

        (a) No Crime of Violence Is Properly Alleged ................................................. 3

        (b) Gender Animus Is Admittedly Absent ...................................................... 5

    B.    The GMV Claim Is Time-Barred ...............................................................................7

        (a) Conflict Preemption............................................................................... 7

        (b) Field Preemption ................................................................................... 9

        (c) The Preemption Issue Was Certified to the New York Court of Appeals................ 10

    C.    Plaintiff's Newly-Submitted Evidence Is Improper and Should be Excluded................11

POINT II: THE COMPLAINT ALLEGES IMMATERIAL, SCANDALOUS, AND
PREJUDICIAL MATERIAL THAT MUST BE STRUCK......................................................... 15

CONCLUSION.................................................................................................................. 17

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Pages(s)**

*Adeshina v. Combs*,
2026 WL 787827 (S.D.N.Y. Mar. 19, 2026) ................................................................. 3

*Albany Area Builders Ass'n v. Town of Guilderland*,
74 N.Y.2d 372 (1989) ...................................................................................................... 9

*Baldwin v. TMPL Lexington LLC*,
2024 WL 3862150 (S.D.N.Y. Aug. 19, 2024) ................................................................. 6

*Beter v. Baughman*,
2024 WL 425036 (S.D.N.Y. Sept. 5, 2024) ..................................................................... 6

*Bray v. Purple Eagle Ent., Inc.*,
2019 WL 1549044 (S.D.N.Y. Jan. 18, 2019)................................................................. 16

*Breest v. Haggis*,
180 A.D.3d 83 (1st Dep't 2019)........................................................................................ 5

*Brown Media Corp. v. K&L Gates, LLP*,
854 F.3d 150 (2d Cir. 2017).......................................................................................... 17

*Burrowes v. Combs*,
25 A.D.3d 370 (1st Dep't 2006)..................................................................................... 17

*Burrowes v. Combs*,
312 F. Supp. 2d 449 (S.D.N.Y. 2004)............................................................................ 16

*Camreta v. Greene*,
563 U.S. 692 (2011) ....................................................................................................... 10

*Carroll v. Trump*,
124 F.4th 140 (2d Cir. 2024).......................................................................................... 14

*Carroll v. Trump*,
660 F. Supp. 213 (S.D.N.Y. 2023).................................................................................. 9

*Consol. Edison Co. of N.Y. v. Town of Red Hook*,
60 N.Y.2d 99 (1983) .................................................................................................... 7, 9

*DJL Rest. Corp. v. City of New York*,
96 N.Y.2d 91 (2001) ........................................................................................................ 7

*Doe v. Black*,
2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024)............................................................... 10

*Doe v. Black*,
2026 WL 1102540 (S.D.N.Y. Apr. 23, 2026)................................................................ 11

*Doe v. Jackson*,
2025 WL 753949 (S.D.N.Y. Mar. 10, 2025) ................................................................... 6

*Doe v. Olive Leaves, Inc.*,
2024 WL 3048373 (E.D.N.Y. Feb. 16, 2024).................................................................. 6

*Donahue v. Asia TV USA Ltd.*,
 208 F. Supp. 3d 505 (S.D.N.Y. 2016) .................................................................................. 16

*Eckhart v. Fox News Network, LLC*,
 2021 WL 4124616 (S.D.N.Y. Sept. 9, 2021) .................................................................. 14, 16

*Fierro v. Taylor*,
 2012 WL 6965719 (S.D.N.Y. Oct. 22, 2012) ......................................................................... 6

*Gardner v. Combs*,
 2025 WL 3632704 (D.N.J. Dec. 15, 2025) ............................................................................. 1

*Global Network Commc'ns, Inc. v. City of New York*,
 458 F.3d 150 (2d Cir. 2006) ................................................................................................. 12

*Guzman v. United States*,
 2013 WL 543343 (S.D.N.Y. Feb. 14, 2013) ......................................................................... 12

*Hughes v. Twenty-First Century Fox, Inc.*,
 304 F. Supp. 3d 429 (S.D.N.Y. 2018) ..................................................................................... 5

*Jones v. Combs*,
 2025 WL 896829 (S.D.N.Y. Mar. 24, 2025) ........................................................................... 1

*Kertesz v. Colony Tire Corp.*,
 2025 WL 2779094 (D.N.J. Sept. 30, 2025) ............................................................................. 1

*Kuzmich v. 50 Murray St. Acquisition LLC*,
 34 N.Y.3d 84 (2019) ............................................................................................................... 8

*Lewis v. Velez*,
 149 F.R.D. 474 (S.D.N.Y. 1993) .......................................................................................... 13

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd, Nigeria*,
 265 F.R.D. 106 (S.D.N.Y. 2010) .......................................................................................... 12

*Monroe v. Town of Haverstraw*,
 639 F. Supp. 3d 459 (S.D.N.Y. 2022) ................................................................................... 13

*Off. Create Corp. v. Planet Ent.*,
 2025 WL 1634970 (2d Cir. June 10, 2025) ............................................................................. 7

*Paige v. Digital Networks Alliance, Inc.*,
 2026 WL 880546 (S.D.N.Y. Mar. 31, 2026) ......................................................................... 10

*Parker v. Alexander*,
 171 F.4th 146 (2d Cir. 2026) ................................................................................................. 11

*People v. Nuruzzaman*,
 797 N.Y.S.2d 728 (N.Y. Crim. Ct., N.Y. Cnty. 2005) ............................................................ 4

*People v. Torres*,
 37 N.Y.3d 256 (2021) .............................................................................................................. 7

*Prout v. Vladeck*,
 326 F.R.D. 407 (S.D.N.Y. 2018) .......................................................................................... 16

iv

*Regina Metro. Co., LLC v. N.Y. State Div. of House. & Cmty. Renewal*,
  35 N.Y.3d 332 (2020) ....................................................................................... 8, 10

*Rivers v. Combs*,
  2025 WL 2414117 (S.D.N.Y. Aug. 19, 2025) ............................................................. 6

*Rossbach v. Montefiore Med. Ctr.*,
  2021 WL 930710 (S.D.N.Y. Mar. 11, 2021) .............................................................. 6

*Sahu v. Union Carbide Corp.*,
  548 F.3d 59 (2d Cir. 2008) ........................................................................................ 12

*See Hynes v. Coughlin*,
  79 F.3d 285 (2d Cir. 1996) ........................................................................................ 13

*See S.S. v. Rockefeller Univ. Hosp.*,
  239 A.D.3d 424 (1st Dep't 2025) ................................................................................ 3

*Tal Props. of Pomona, LLC v. Village of Pomona*,
  2021 WL 4066845 (S.D.N.Y. Sept. 7, 2021) ............................................................ 17

*Talarico Bros. Bldg. Corp. v. Union Carbide Corp.*,
  73 F.4th 126 (2d Cir. 2023) ...................................................................................... 12

*Tronox Inc. v. Anadarko Petroleum Corp.*,
  2025 WL 2242166 (S.D.N.Y. Aug. 6, 2025) ............................................................ 10

*Tutor v. Alexander*,
  2026 WL 927342 (S.D.N.Y. Apr. 6, 2026) ............................................................... 11

*United States v. Combs*,
  2025 WL 2778966 (S.D.N.Y. Sept. 30, 2025) .......................................................... 14

*United States v. Schaffer*,
  851 F.3d 166 (2d Cir. 2017) ...................................................................................... 14

*Vango Media, Inc. v. City of New York*,
  34 F.3d 68 (2d Cir. 1994) ............................................................................................ 7

*Wallach v. Town of Dryden*,
  23 N.Y.3d 728 (2014) .................................................................................................. 8

*Withers v. Combs*,
  2026 WL 866837 (S.D.N.Y. Mar. 30, 2026) .............................................................. 6

**Statutes**

N.Y. C.P.L.R. § 214-g ................................................................................................... 7, 9

N.Y. C.P.L.R. § 214-j ................................................................................................... 8, 9

N.Y. Penal Law § 130.00 .............................................................................................. 4, 5

N.Y. Penal Law § 130.20 .................................................................................................. 4

N.Y. Penal Law § 130.52 .................................................................................................. 4

N.Y. Penal Law § 130.55 .................................................................................................. 4

v

N.Y.C. Admin. Code § 10-1103 ........................................................................ 3, 5, 7

N.Y.C. Admin. Code § 10-1104 ............................................................................. 3

**Rules**

Fed. R. Civ. P. 12.......................................................................................... 1, 12

Fed. R. Evid. 404 ............................................................................................... 13

Fed. R. Evid. 413 ............................................................................................... 14

Fed. R. Evid. 415 ............................................................................................... 14

This reply memorandum of law is respectfully submitted on behalf of Defendant Combs in further support of his motion to dismiss the Complaint, or, alternatively, under the Court's inherent powers, to stay this action pending a ruling from the Second Circuit and New York Court of Appeals on whether the revival provision in the GMV is preempted by the ASA.[1]  To allow proceedings to go forward when the pivotal issue in this case is under appellate review is contrary to judicial economy and will impose unnecessary legal fees and costs upon Mr. Combs.

To the extent any claim remains, absent dismissal of the Complaint, Defendant moves under Fed. R. Civ. P. 12(f) to strike all immaterial and scandalous allegations in the Complaint, namely paragraphs 24, 30, 38–49, and 65–145.

<u>**REPLY STATEMENT**</u>

A single, chance meeting on a New York City street in broad daylight—which occurred decades ago—fails to support a sweeping and inflammatory sexual assault claim under the GMV. It is time-barred and dressed up with hyperbolic, repetitive, unsupported allegations designed to embarrass and prejudice Mr. Combs.

Neither the vague pre-2000 heinous allegations against Mr. Combs in the Complaint are actionable nor is the 2019 allegation involving a Diana Ross celebration in California (and not

---

[1] Capitalized terms not otherwise defined herein have the same definition as in the Memorandum of Law in Support of Defendant's Motion to Dismiss the Complaint, Or, Alternatively, to Stay the Action, or to Strike Scandalous and Irrelevant Material, dated November 19, 2025 ("<u>Moving Brief</u>") (Dkt. No. 18).  The "<u>Opposition</u>" refers to the "Memorandum of Law in Opposition to Motion to Dismiss, Motion to Stay, and Motion to Strike Allegations, dated December 25, 2025 (Dkt. No. 22-1).  Plaintiff's Opposition raises concerns about its genesis based on its language and tone as well as several arguments made that are not addressed in the Motion to Dismiss.  *See Gardner v. Combs*, 2025 WL 3632704, at *1 (D.N.J. Dec. 15, 2025) (sanctioning Mr. Blackburn because he "cited to a non-existent case . . . and fabricated legal propositions derived from generative artificial intelligence [] in support of Plaintiff's opposition to Defendants' motions to dismiss."); *Kertesz v. Colony Tire Corp.*, 2025 WL 2779094, at *6 n.12 (D.N.J. Sept. 30, 2025) ("Given [Blackburn's] self-disclosure of his use of AI, along with his representation that he has taken continuing legal education courses on the topic, the Court declines to impose sanctions at this time. . . . The Court does, however, caution [Blackburn]: providing submissions to the Court with inaccurate and false information violates the New Jersey Rules of Professional Conduct."); *Jones v. Combs*, 2025 WL 896829, at *4 (S.D.N.Y. Mar. 24, 2025) ("[T]he Court finds much of Blackburn's conduct . . . to be unsettling.  Blackburn's filings are replete with inaccurate statements of law, conclusory accusations, and inappropriate ad hominem attacks on opposing counsel.")

New York City, as alleged), which Plaintiff readily retracted. (Opp. at 12.) Stripped of its immaterial, scandalous, extraneous, and stale allegations, the Opposition fails to rebut that the Complaint fails to state a claim as a matter of law.

The claimed incident—an alleged "bear hug" and touching/grabbing incident in 2013 or 2014 (Plaintiff cannot even identify the day, month, or year)—does not plausibly constitute a qualifying crime of violence under the GMV. A "bear hug" or fleeting over-the-clothes touching on a city street is not a sexual offense.

Nor does the Complaint plausibly allege that the conduct was motivated by gender-based animus, as the statute requires. And Plaintiff's effort to revive this stale GMV claim will not succeed because the GMV revival provision is preempted by the comprehensive state-wide framework enacted by the New York State Legislature. That legislation established a limited and exclusive revival window for ASA claims based on sexual offenses under Article 130 of the Penal Law.

Unable to remedy the multitude of pleading defects, Plaintiff attempts to rehabilitate his Complaint by improperly raising matters not addressed by Mr. Combs and by submitting inadmissible extrinsic evidence, including unrelated criminal convictions and immaterial, scandalous, and prejudicial allegations about purported decades-old conduct that has all been adjudicated or otherwise concluded.[2] For the reasons in the Moving Brief and those below, the Complaint should be dismissed, or alternatively stayed, and the improper allegations should be disregarded and struck.

---

[2] For example, the Opposition argues that "information and belief" allegations are permissible in a complaint. (Opp. at 37–39.) As Mr. Combs never addressed such allegations in the Moving Brief, it is perplexing that such argument is made by Plaintiff.

## POINT I

## THE GMV CLAIM IS INADEQUATELY PLEADED AND TIME-BARRED

### A. The GMV Claim Is Inadequately Pleaded

Plaintiff concedes that the GMV does not apply to conduct outside New York City but continues to argue incorrectly that conduct predating the GMV remains actionable. (Opp. at 11–12.)  The GMV does not apply retroactively.  *See S.S. v. Rockefeller Univ. Hosp.*, 239 A.D.3d 424, 424–25 (1st Dep't 2025); *Adeshina v. Combs*, 2026 WL 787827, at *7 (S.D.N.Y. Mar. 19, 2026) (citing *S.S.* for the same proposition).  Accordingly, liability under the GMV cannot be predicated on allegations occurring before 2000.  *See Adeshina*, 2026 WL 787827, at *7 (dismissing GMV claim against Mr. Combs because the alleged wrongdoing occurred before 2000).

Excluding the alleged conduct outside New York City and before 2000, as mandated by the statute, the Complaint identifies only one possibly actionable incident in 2013 or 2014 when Mr. Combs allegedly approached Plaintiff on a city street in broad daylight and supposedly embraced him in a "bear hug" and grabbed his rear.  (Compl. ¶¶ 50–55.)  That incident, even if accepted as true for purposes of this motion, fails to state a claim under the GMV.

### (a) No Crime of Violence Is Properly Alleged

The GMV requires conduct constituting a "crime of violence . . . motivated by gender." N.Y.C. Admin. Code § 10-1104.  The alleged incident satisfies neither element.  A "crime of violence" must be "a misdemeanor or felony" under New York or federal law.  N.Y.C. Admin. Code § 10-1103.  Plaintiff relies on three purported offenses as predicate crimes:  forcible touching under N.Y. Penal Law § 130.52; third-degree sexual abuse under N.Y. Penal Law § 130.55; and sexual misconduct under N.Y. Penal Law § 130.20. (Compl. ¶ 152.)  The Complaint fails to

3

plausibly allege a violation of those statutes to fulfill the "crime of violence" requirement:

1. N.Y. Penal Law § 130.52 requires an intentional and illegitimate forcible touching of another's "sexual or other intimate parts . . . for the purpose of either degrading or abusing the person, or for the purpose of gratifying the actor's sexual desire." Although the Complaint alleges that Mr. Combs touched Plaintiff's rear, it does not allege that the conduct was undertaken for the purpose of sexual gratification. (Compl. ¶¶ 50–55.) According to Plaintiff, it was about something different: the Complaint states that the alleged touching was intended "to reinforce [Mr. Combs's] continued dominance and control over Plaintiff's *ability to exist within the music industry and public sphere*." (Compl. ¶ 55 (emphasis added).) That has nothing to do with abusing or degrading Plaintiff; and it does not implicate the sexual-purpose element of the statute. No crime was committed under the statute and, indeed, no complaint, arrest, or prosecution was ever pursued when it allegedly happened. (Compl. ¶¶ 38–42.)

2. N.Y. Penal Law § 130.55 requires nonconsensual "sexual contact" with another person, which New York law defines as touching another person's intimate parts "for the purpose of gratifying sexual desire of either party." N.Y. Penal Law § 130.00(3). The Complaint is crystal clear that *no sexual motive was at play* in Plaintiff's memory of the alleged event. (Compl. ¶ 55.) Courts have dismissed claims under Section 130.55 where the alleged touching was intended to humiliate or degrade, rather than to gratify "sexual desire." *See People v. Nuruzzaman*, 797 N.Y.S.2d 728, 730–31 (N.Y. Crim. Ct., N.Y. Cnty. 2005) (dismissing charge because defendant allegedly only touched the victim "for the purpose of degrading and abusing" her). Section 130.55 is inapplicable here.

3. Section 130.20 of the Penal Law is also a dead-end. That statute requires non-consensual vaginal, oral, or anal sexual conduct. The Complaint alleges no such acts. The statute

4

defines anal conduct as "contact between the penis and anus." The Complaint alleges no such acts. And the statute defines anal conduct as "contact between the penis and anus." N.Y. Penal Law § 130.00(2)(b). The allegations in the Complaint plainly do not qualify. (Compl. ¶¶ 50–55.)

Instead of demonstrating that he meets the statutory elements of *any Article 130 offense*, Plaintiff merely regurgitates the elements of each statute (Opp. at 13), which accomplishes nothing. Without a statute to hang his hat on, Plaintiff relies on *Hughes v. Twenty-First Century Fox, Inc.*, 304 F. Supp. 3d 429 (S.D.N.Y. 2018), which is inapposite. In that case, the court never analyzed the GMV's "crime of violence" requirement because it dismissed the claim based on a failure to plead gender-based animus. *See id.* at 454–55.

### (b) Gender Animus Is Admittedly Absent

The Complaint fails to plead the motivation element under the GMV. A "crime of violence motivated by gender" requires conduct committed "because of gender or on the basis of gender, *and* due, at least in part, to an animus based on the victim's gender." N.Y.C. Admin. Code § 10-1103 (emphasis added). No facts are alleged that state, imply, or hint that Mr. Combs acted because Plaintiff is a male, or that Mr. Combs harbored animus toward Plaintiff based on his gender. Plaintiff admits that Mr. Combs's conduct had nothing to do with sex or gender, and instead was about keeping Plaintiff out of the "music industry and public sphere" by his "dominance and control." (Compl. ¶ 55.) Those allegations are inconsistent with gender animus.

Further, Plaintiff's argument that *any sexual assault* inherently establishes gender-based animus is wrong. (Opp. at 14–15.) While *Breest v. Haggis*, 180 A.D.3d 83 (1st Dep't 2019) held that, in cases of "rape and sexual assault," "[m]alice or ill will based on gender is apparent from the alleged commission of the act itself," that decision is inapplicable. As discussed *supra* pp. 3–5, Mr. Combs's purported conduct was not a sex crime under New York or federal law. Unlike in

5

*Breest*, no rape or sexual assault is alleged here that could satisfy the motivation element.

In addition, courts in this district have limited *Breest*'s gender-based animus holding to severe cases of sexual assault, such as rape. *See Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *11 (S.D.N.Y. Mar. 11, 2021) ("Rossbach does not allege that she was raped by Morales, and she points to no authority indicating that the requisite animus element may be inferred in [GMV] cases not premised on rape."); *Beter v. Baughman*, 2024 WL 425036, at *7 (S.D.N.Y. Sept. 5, 2024), *report and recommendation adopted*, 2024 WL 4252035 (S.D.N.Y. Sept. 20, 2024) (requiring allegations of gender-based animus when GMV claim did not involve rape); *Rivers v. Combs*, 2025 WL 2414117, at *10 (S.D.N.Y. Aug. 19, 2025) (same).[3]

Plaintiff's authorities do not hold otherwise. *See Fierro v. Taylor*, 2012 WL 6965719 at *1 (S.D.N.Y. Oct. 22, 2012) ( a First Amendment case that mentioned the GMV only in the context of assessing statutory vagueness challenges); *Doe v. Jackson*, 2025 WL 753949 at *7–8 (S.D.N.Y. Mar. 10, 2025) (rape case falling within *Breest*'s exception); *Doe v. Olive Leaves, Inc.*, 2024 WL 3048373 *11–12 (E.D.N.Y. Feb. 16, 2024) (an unreported out-of-district case involving felony sexual assault, not misdemeanors as here); *Baldwin v. TMPL Lexington LLC*, 2024 WL 3862150 at *10 (S.D.N.Y. Aug. 19, 2024) (involving properly pleaded sex crimes, which is an outlier and other courts have declined to adopt); *Rivers*, 2025 WL 2414117, at *10 (adopting pre-*Baldwin* framework from *Rossbach* and declining to follow *Breest* because crime in question was not a rape); *Withers v. Combs*, 2026 WL 866837, at *6 n.8 (S.D.N.Y. Mar. 30, 2026) (specifically declining to follow *Baldwin*).

For these reasons, the GMV claim should be dismissed for failure to state a claim.

---

[3] At least one court declined to follow *Breest*, finding that the GMV always requires allegations of gender-based animus, regardless of the type with the sexual assault alleged. *Withers v. Combs*, 2026 WL 866837, at *3 (S.D.N.Y. Mar. 30, 2026).

6

**B. <u>The GMV Claim Is Time-Barred</u>**

Plaintiff incorrectly maintains that the GMV revival provision is not preempted by the ASA.  (Opp. at 18–25.)  State law can preempt local law either expressly or impliedly.  *Consol. Edison Co. of N.Y. v. Town of Red Hook,* 60 N.Y.2d 99, 105 (1983).  Preemption occurs when a local law conflicts with a state-wide law, or when a local law attempts to circumvent "a field for which the State Legislature has assumed full regulatory responsibility."  *DJL Rest. Corp. v. City of New York*, 96 N.Y.2d 91, 95 (2001); *see People v. Torres*, 37 N.Y.3d 256, 265 (2021).  And a law may be preempted as applied to the litigant invoking it, even if it is not preempted as to others not before the Court.  *See*, *e.g.*, *Off. Create Corp. v. Planet Ent.*, 2025 WL 1634970, at *1 (2d Cir. June 10, 2025); *Vango Media, Inc. v. City of New York*, 34 F.3d 68, 71 (2d Cir. 1994).

Further, Plaintiff confuses the preemption defense, arguing that the 2013/2014 alleged incident in New York City was timely filed.  (Opp. at 18–19.)  The preemption defense applies to all pre-GMV-enactment alleged incidents in the Complaint.  The 2013/2014 incident is inactionable because it is not a qualifying sexual offense under the GMV.  The GMV revival provision is both conflict-preempted and field-preempted as to those pre-2000 alleged incidents.

**(a) <u>Conflict Preemption</u>**

The ASA revival provision applies to "*every civil claim* . . . brought against any party . . . as a result of conduct which would constitute a sexual offense" under Article 130 of the New York Penal Law.  N.Y. C.P.L.R. § 214-g (emphases added).  The GMV revival provision applies to claims brought under the GMV, which covers "crime[s] of violence motivated by gender"— meaning "acts that would constitute a misdemeanor or felony against the person as defined in state . . . law."  N.Y.C. Admin. Code § 10-1103.  Plaintiff's claim is predicated on alleged violations of Article 130.  (Compl. ¶ 152.)  Plaintiff therefore cannot legitimately dispute that his claim falls

under both revival provisions.

While covering the same types of claims, the ASA and GMV revival provisions create conflicting windows that extend the statute of limitations.  Under the ASA, the  revival period runs from 2022 to 2023, "[n]otwithstanding any provision of law which imposes a period of limitation to the contrary."  *Id.*  New York courts recognize "notwithstanding" clauses as express preemptive language intended to override conflicting statutes, including local laws.  *See Kuzmich v. 50 Murray St. Acquisition LLC*, 34 N.Y.3d 84, 92 (2019) (A "notwithstanding" clause is "the verbal formulation frequently employed for legislative directives intended to preempt any other potentially conflicting statute"—including a "local law." ); *Wallach v. Town of Dryden*, 23 N.Y.3d 728, 748 (2014) (describing use of "notwithstanding" similarly and as "preemptive language").

By contrast, under the GMV, the limitations period runs from 2023 to 2025.  That is irreconcilable with the ASA's directive that revived claims be commenced within the State Legislature's window.  *See* N.Y. C.P.L.R. § 214-j.  The State Legislature's decision to create only a limited revival period was deliberate.  As the New York Court of Appeals has recognized, revival statutes are an "extreme exercise of legislative power" because they depart from the "strong public policy favoring finality, predictability, fairness and repose served by statutes of limitations," *Regina Metro. Co., LLC v. N.Y. State Div. of House. & Cmty. Renewal*, 35 N.Y.3d 332, 372 (2020) (citation omitted).

If the State Legislature intended for claims based on Article 130 to remain actionable through 2025, then it would not have imposed the 2023 deadline with the contrary "notwithstanding" limitations period.  N.Y. C.P.L.R. § 214-j.  The GMV revival provision is therefore preempted because it conflicts with the statewide law:  different limitations periods are inherently incompatible when they govern the same interest, as they do here—namely, a civil

8

remedy for sexual offenses. That persons injured outside New York City would be disadvantaged in their ability to file claims compared to those injured within its borders presents an indisputable conflict of the type preemption is intended to prevent.[4]

**(b) Field Preemption**

The GMV revival provision is also barred by field preemption. Where the State Legislature "enact[s] a comprehensive and detailed regulatory scheme in a particular area," local government "lack[] authority to deal with the matter unless it is specifically empowered so to do in terms clear and explicit." *Consol. Edison Co. of N.Y.,* 60 N.Y.2d 99 at 106–07; *see also Albany Area Builders Ass'n v. Town of Guilderland*, 74 N.Y.2d 372, 377 (1989) ("Where the State has preempted the field, a local law regulating the same subject matter is deemed inconsistent with the State's transcendent interest, whether or not the terms of the local law actually conflict with a State-wide statute.").

The ASA revival provision and the related CVA establish a comprehensive statewide framework governing the *revival* of *stale claims* based on sexual offenses against adults and children under Article 130. Both statutes broadly apply to "every civil claim or cause of action" arising from conduct constituting an Article 130 offense. N.Y. C.P.L.R. §§ 214-g, 214-j. Both statutes also provide that those claims can be commenced only within the periods authorized by the Legislature, along with the following critical dependent "[n]otwithstanding" language that prohibits "*any provision of law which imposes a period of limitation to the contrary.*" *Id. (emphasis added.)* This prevents New York City from doing what it has attempted to achieve

---

[4] No constitutional defense to the extended GMV revival period exists. Litigants are afforded under state law a revival of their claims, but it is shorter than the New York City law. To the extent *Carroll v. Trump*, 660 F. Supp. 213 (S.D.N.Y. 2023), has any application here—which it does not—the state legislature has the exclusive province to decide how best to address an "injustice," which is not discriminatory to anyone who may be sexually assaulted in the state.

under the GMV: extend the statute of limitations for longer than state law.

The GMV revival statute undercuts the ASA and CVA state-wide statutory frameworks by further extending the statute of limitations for civil sexual offense claims.  Allowing the New York City Council to create its own and different revival window for *stale claims* frustrates the State Legislature's considered policy judgments regarding the scope and duration of those revivable claims.  The New York Court of Appeals has emphasized that revival statutes require careful balancing because they upset settled expectations and repose interests.  *See Regina Metro. Co.*, 35 N.Y.3d at 371–72.  The City Council should not and cannot displace that statewide balancing through local legislative action, as doing so directly undermines the State's prerogative and creates uneven avenues to justice across New York State.

### (c) <u>The Preemption Issue Was Certified to the New York Court of Appeals</u>

Lastly, *Doe v. Black*, 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024) is not "controlling precedent" on the preemption issue, which held that the ASA did not pre-empt the GMV. Plaintiff's assertion that the "Split of Authority is Overstated" (Opp. at 22) and similar statements are meaningless and uninformed.  "Unlike appellate court decisions, district court decisions are not precedential in the strict sense of the word: they are not binding on other courts or judges— even judges in the same district—in subsequent cases." *Tronox Inc. v. Anadarko Petroleum Corp.*, 2025 WL 2242166, at *3 (S.D.N.Y. Aug. 6, 2025) (citing *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011)); *see Paige v. Digital Networks Alliance, Inc.*, 2026 WL 880546, at *19 (S.D.N.Y. Mar. 31, 2026) (collecting cases).  And *Parker* held that the ASA preempts the GMV and occupies the field alone.  Both *Parker* and *Black* were consolidated for appeal to the Second Circuit.

Since Mr. Combs filed the Motion to Dismiss, the Second Circuit has certified the question of preemption over the three statutes to the New York Court of Appeals.  *See Parker v. Alexander*,

10

171 F.4th 146, 153–54 (2d Cir. 2026).  The *Parker* case is in abeyance until the Second Circuit receives guidance from the New York Court of Appeals on the constitutionality of the GMV revival provision.  In light of that pending review, and even before, courts addressing materially identical timeliness issues under the GMV have stayed actions, awaiting appellate guidance. (Moving Br. at 14); *see Doe v. Black*, 2026 WL 1102540, at *36 (S.D.N.Y. Apr. 23, 2026) ("The Court understands that the majority of outstanding [GMV] actions that are subject to the same timeliness issues have been either partially or completely stayed pending a decision from the Second Circuit."); *Tutor v. Alexander*, 2026 WL 927342, at *1–2 (S.D.N.Y. Apr. 6, 2021).

A stay is particularly appropriate here given the Second Circuit's expressed skepticism concerning the constitutionality of the GMV revival provision.  *See Parker*, 171 F.4th at 154–55 (Jacobs, J. concurring) ("I concur in this certification not because I am baffled; the question practically answers itself. . . . I concur in this certification because it allows many pending state cases to be decided by the state court of appropriate responsibility.").  Accordingly, if the Court is reluctant to dismiss the GMV claim now, then it should at the very least stay the action pending the decisions of the New York Court of Appeals and Second Circuit.

### C.  Plaintiff's Newly-Submitted Evidence Is Improper and Should be Excluded

In another desperate bid to salvage his deficient pleading, Plaintiff improperly raises Mr. Combs's unrelated Mann Act convictions to show "that [Mr. Combs] engaged in exactly the type of coercive conduct alleged by" Plaintiff.  (Opp. at 26; *see id.* at 25–30; Compl. ¶ 16 (conceding that Mr. Combs's convictions are "unrelated").)  This argument should be disregarded and struck from his submissions.  Mr. Combs's credibility is not the subject or concern of a court in ruling on a motion to dismiss—the only question at this stage is the sufficiency of the complaint.

Under well-established Second Circuit and Southern District authorities, Rule 12(b)(6)

11

motions are limited to the four corners of the complaint. *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006) ("The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits." (emphasis in original)).  Matters outside the pleading must be excluded unless the motion is converted into one for summary judgment, which requires notice to the parties and a reasonable opportunity to present additional material relevant to the motion, which was not done here. *See Talarico Bros. Bldg. Corp. v. Union Carbide Corp.*, 73 F.4th 126, 135 n.1 (2d Cir. 2023); *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008); Fed. R. Civ. P. 12(d).  The only exceptions are documents incorporated by reference or matters subject to formal judicial notice. *See Cowan v. Ernest Codelia, P.C.*, 2001 WL 856606, at *1 (S.D.N.Y. July 30, 2001).  Neither exception applies.

The submissions relating to the Mann Act conviction are not attached to or incorporated into the Complaint.  "Courts in this Circuit have made clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd, Nigeria*, 265 F.R.D. 106, 122–23 (S.D.N.Y. 2010) (collecting cases).  In particular, a party cannot circumvent the prohibition against extrinsic evidence by seeking judicial notice:  "While a court may take judicial notice of a prior proceeding's existence, a court may not take judicial notice of that proceeding for the truth of the matters asserted therein." *Guzman v. United States*, 2013 WL 543343, at *4 (S.D.N.Y. Feb. 14, 2013) (citation and quotation omitted).

Plaintiff offers the convictions not just to establish their existence, but to prematurely attempt to prove that Mr. Combs engaged in "exactly the type of coercive conduct alleged" in this case.  (Opp. at 26.)   *See Guzman*, 2013 WL 543343, at *4 (in wrongful arrest and malicious

prosecution, rejecting request for judicial notice of underlying criminal case filings because they were offered to prove truth of defendants' underlying trial testimony and findings of fact). Federal Rule of Evidence 404 provides that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." The Advisory Committee's note to the 2006 amendment makes plain that "in a civil case evidence of a person's character is never admissible to prove that the person acted in conformity with the character trait."

Plaintiff argues that the convictions are evidence that Mr. Combs committed offenses against Plaintiff as described in the Complaint  (Opp. at 26.)  That is plainly an attempt to improperly introduce propensity evidence on a motion that is strictly limited to the legal sufficiency of the Complaint. Courts routinely reject similar offers of propensity evidence in civil cases; the Court should do the same here. *See Hynes v. Coughlin*, 79 F.3d 285, 292 (2d Cir. 1996) (finding admission of the plaintiff's prison disciplinary records violated Rule 404 because they were "offered in order to show (1) that [he] had an aggressive character, and (2) that it was therefore more likely than not that he was the aggressor on the occasions in question."); *Lewis v. Velez*, 149 F.R.D. 474, 479 (S.D.N.Y. 1993) ("Proffers of this type of evidence, even where purported to show a party's sadistic, malicious, aggravated state of mind still constitute no more than a veiled attempt to do what Rule 404(b) expressly prohibits—introducing evidence of bad acts to show [a person's] propensity to commit such acts." (citation and quotation omitted)); *Monroe v. Town of Haverstraw*, 639 F. Supp. 3d 459, 462–63 (S.D.N.Y. 2022) (rejecting request to admit prior convictions as evidence "as proof of [the plaintiff's] intent and/or motive" to act similarly in the future).

Plaintiff's reliance on Rule 415 (Opp. at 28–30) is also misplaced. (Opp. at 28–30.)  Where

13

a plaintiff asserts claims for either "sexual assault or child molestation," Rule 415 permits evidence "that the [defendant] committed any other sexual assault or child molestation." Fed. R. Evid. 415. But the Mann Act does not require proof of a sexual assault. As Plaintiff acknowledges, the statute criminalizes the "transportation" of individuals across state lines for prohibited sexual activity. *See United States v. Combs*, 2025 WL 2778966, at *4 (S.D.N.Y. Sept. 30, 2025); (Opp. at 26.) Putting aside this is a motion to dismiss—not evidentiary matters for trial—because the Mann Act convictions have nothing to do with prior "sexual assault or child molestation," Rule 415 does not apply here because the Mann Act convictions have nothing to do with prior "sexual assault or child molestation." Fed. R. Evid. 415(a).

None of Plaintiff's authorities (Opp. at 25–30) supports consideration of Mr. Combs's Mann Act convictions. *See Eckhart v. Fox News Network, LLC*, 2021 WL 4124616, at *25 (S.D.N.Y. Sept. 9, 2021) (allegations of prior conduct were *in the plaintiff's complaint*, unlike here); *Carroll v. Trump*, 124 F.4th 140, 153–56 (2d Cir. 2024) (ASA complaint (not GMV) involving non-motion to dismiss rulings where court admitted extrinsic evidence under Rule 415 because evidence constituted prior instances of *sexual assault*); *id.* at 154–56 (citing Federal Rules of Evidence Rule 413, not for its applicability, but only for the definition of "sexual assault," which applies to Rule 415 and sexual assault regime under Rules 413, 414, and 415); *United States v. Schaffer*, 851 F.3d 166, 177–81 (2d Cir. 2017) (criminal case involving rulings before trial, where the court admitted videos of prior sexual assaults under Rule 413, which applies only to criminal cases).

The Court should reject Plaintiff's improper attempt to admit Mr. Combs's convictions as propensity or pattern and practice evidence.

14

**POINT II**

**THE COMPLAINT ALLEGES IMMATERIAL,
SCANDALOUS, AND PREJUDICIAL MATERIAL THAT MUST BE STRUCK**

Plaintiff erroneously contends that the immaterial, scandalous, and prejudicial allegations sought to be excised from the Complaint bear directly on the GMV claim. (Opp. at 30–37.) None of them is proper or relevant to his pleading. He relies on general statements of the law and factually non-analogous authorities. (*Id.*) The challenged allegations fall into three categories:

- Allegations regarding Mr. Combs's sexual misconduct against third parties (Compl. ¶¶ 24, 30, 74);

- Allegations regarding Mr. Combs's blacklisting of Plaintiff and history and propensity for violence against third parties (*Id.* ¶¶ 42–49, 65–145); and

- Allegations regarding Plaintiff's purported ouster from Bad Boy Entertainment, Inc. ("BBE") (*Id.* ¶¶ 38–41.)

None of these allegations are relevant or properly considered in connection with the claim asserted in the action.

1. The allegations concerning Mr. Combs's sexual misconduct against third parties (*Id.* ¶¶ 24, 30, 74), his propensity for violence against third parties (*Id.* ¶¶ 65–145), and Plaintiff's purported ouster from BBE (*Id.* ¶¶ 38–41) are irrelevant and time-barred because they predate the GMV's enactment. *See S.S.*, 239 A.D.3d at 424–25 (no retroactive application). Therefore, even if true, they could not serve as a basis for Mr. Combs's GMV liability.

2. The allegations concerning purported misconduct toward third parties are irrelevant to whether Plaintiff suffered a qualifying sexual assault. Courts routinely strike similar material as inflammatory and prejudicial. *See, e.g.*, *Bray v. Purple Eagle Ent., Inc.*, 2019 WL 1549044, at *9

15

(S.D.N.Y. Jan. 18, 2019), *report and recommendation adopted*, 2019 WL 549137 (S.D.N.Y. Feb. 12, 2019) (striking "allegations regarding sexual misconduct, drug use and other similar behavior that are irrelevant to plaintiff's claims and inherently prejudicial"); *Prout v. Vladeck*, 326 F.R.D. 407, 410–11 (S.D.N.Y. 2018) (striking "broad, *ad hominem* character attacks that do not assert any facts that can be litigated in this case"); *Donahue v. Asia TV USA Ltd.*, 208 F. Supp. 3d 505, 517 (S.D.N.Y. 2016) (striking allegations of "sexual harassment of other employees" as "wholly unrelated to [plaintiff's] claims of national origin and age-based hostile work environment claims"). Furthermore, *Eckhart* is inapplicable because the allegations there supported plaintiff's claim that defendant had an animus towards women. *See Eckhart*, 2021 WL 4124616, at *25–26. Here, none of the allegations in Paragraphs 24, 30, or 74 are evidence of Mr. Combs's supposed animus towards men, making *Eckhart* irrelevant.

3.  The allegations concerning Mr. Combs's purported blacklisting of Plaintiff and his supposed history of violence toward third parties are likewise improper and irrelevant. Such allegations have no bearing on whether Plaintiff can prove the elements of a GMV claim and are nothing more than an attempt to incorporate inadmissible evidence into the record. *See Bray*, 2019 WL 1549044, at *9; *Prout*, 326 F.R.D. at 410–11; *Donahue*, 208 F. Supp. 3d at 517; *see also supra* pp. 11–14 (discussing Rules 404 and 415 and their bars on admitting evidence for propensity and/or pattern and practice purposes).

4.  The allegations concerning Plaintiff's alleged ouster from BBE are improper for an additional reason: they were previously litigated, rejected, and dismissed. In 2003, Plaintiff sued Mr. Combs and others in federal court concerning his alleged removal from BBE. The court dismissed all claims, and the Second Circuit affirmed. *See Burrowes v. Combs*, 312 F. Supp. 2d 449, 452 (S.D.N.Y. 2004), *aff'd*, 124 F. App'x 70 (2d Cir. 2005). In 2004, Plaintiff later reasserted

substantially similar allegations in New York Supreme Court.  Although the trial court initially sustained the complaint, the First Department reversed and dismissed the action.  *See Burrowes v. Combs*, 25 A.D.3d 370, 371 (1st Dep't 2006).

"A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy."  *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (quotation omitted); *see Tal Props. of Pomona, LLC v. Village of Pomona*, 2021 WL 4066845, at *3 (S.D.N.Y. Sept. 7, 2021).  Having lost twice before, Plaintiff has concocted a meritless GMV claim under the revival statute to recycle failed allegations from more than two decades ago that have no relevance here for any purpose.  These allegations should be struck unconditionally.

## CONCLUSION

For all the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Dismiss, dismissing the Complaint in all respects, or alternatively, grant a stay of this action under its inherent powers pending resolution of the pending appeals, together with such other and further relief as the Court deems just and proper.

Dated: May 8, 2026                                        JONATHAN D. DAVIS, P.C.


By:      */s/ Jonathan D. Davis*
            Jonathan D. Davis
            Adam R. Rahman
            David C. Russell
            1 Rockefeller Plaza, Suite 1712
            New York, NY 10020
            jdd@jddavispc.com
            arr@jddavispc.com
            dcr@jddavispc.com

            *Attorneys for Defendant Sean Combs*

17

## CERTIFICATION OF COMPLIANCE

The undersigned, counsel of record for Mr. Combs, certifies that this brief contains 5,447 words, which complies with enlargement of the page limit granted by the Order, dated April 27, 2026 (Dkt. No. 28).

Dated: May 8, 2026

*/s/ Jonathan D. Davis*
Jonathan D. Davis

18