USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/25/26

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KIRK BURROWES,

Plaintiff,

-against-

SEAN COMBS,

Defendant.

25-cv-7795 (MKV)

ORDER GRANTING MOTION TO STAY

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Kirk Burrowes brings this action against Defendant Sean Combs under the New York City Gender Motivated Violence Protection Law, N.Y.C. Admin. Code §§ 10-1101 *et seq.* ("VGMVPL") [ECF No. 1-1 (the "Complaint" or "Compl.")]. Defendant has filed a motion to dismiss the Complaint for failure to state a claim or, in the alternative, requests that the Court stay this action pending a decision by the United States Court of Appeals for the Second Circuit in *Parker v. Alexander et al.*, No. 25-487, and *Doe v. Black*, No. 25-564 [ECF Nos. 16, 18 ("Mem")].[1] In particular, Defendant argues that this action is time-barred under the New York State Adult Survivors Act (the "ASA"), N.Y.C.P.L.R. § 214-j, which, Defendant maintains, preempts the VGMVPL. *See* Mem. at 3–4. Plaintiff opposes the request for a stay of this action on the ground that the decision of the district court in *Doe v. Black*, 2024 WL 4335453 (S.D.N.Y. Sept. 27, 2024), provides "controlling precedent within this district" that "Defendant's preemption argument fails" [ECF No. 22-1 ("Opp.") at 7].

The "decision of a federal district court judge is not binding precedent" in any "judicial district," however. *Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (quoting 18 J. Moore et al.,

[1] Defendant also argues that, if the Complaint survives his motion to dismiss, the Court should strike what Defendant describes as scandalous and irrelevant allegations. Mem. at 1, 7. The Court will address that argument if it remains live after the stay is lifted.

Moore's Federal Practice § 134.02[1] [d], p. 134–26 (3d ed. 2011)). As Defendant points out, another judge in this district has concluded that the ASA, which provides an earlier deadline for the revival of old claims, does preempt the VGMVPL. *See Parker v. Alexander*, 779 F. Supp. 3d 361, 369 (S.D.N.Y. 2025); Mem. at 13–14. More importantly, the question of whether the ASA preempts the longer revival window of the VGMVPL is now pending before the Second Circuit, which, in turn, certified the question to the New York Court of Appeals. *See Parker v. Alexander et al.*, No. 25-487; *Doe v. Black*, No. 25-564.

The Court has carefully reviewed the parties' submissions in connection with Defendant's motion to dismiss or, in the alternative, to stay [ECF Nos. 16, 17, 18, 22-1, 29]. The Court has considered whether the dispositive motion might be resolved on alternative grounds to avoid a long delay of the resolution of this case. However, after careful review, the Court concludes that the preemption question is a threshold issue. The Court therefore concludes that it should not expend judicial resources only to risk issuing a decision at odds with the forthcoming decision of the Second Circuit, which could delay the ultimate resolution of this dispute even further. *See Rivers v. Combs*, No. 25-cv-1726 (JSR), 2025 WL 2414117, at *9 (S.D.N.Y. Aug. 19, 2025). Several other courts in this District have reached a similar conclusion. *See id.*; *Doe v. Alexander*, No. 25-cv-01631 (JAV), 2025 WL 1384786, at *2 (S.D.N.Y. Apr. 25, 2025); *Doe v. Combs*, No. 1:24-cv-09852 (JLR), 2025 WL 1425751, at *2 (S.D.N.Y. May 16, 2025).

According, Defendant's motion to stay this action pending the resolution of the appeals in *Parker* and *Black* [ECF No. 16] is GRANTED. Furthermore, IT IS HEREBY ORDERED that the

parties shall file a joint status letter within three days of the Second Circuit issuing its decision and every 90 days in the interim.

**The parties remain on notice that failure to comply with court orders, including this Order requiring status reports, and all applicable procedural rules may result in sanctions, including: monetary sanctions on counsel and the parties themselves; preclusion of claims, defenses, evidence, and motion practice; and the case-terminating sanctions of dismissal for failure to prosecute and/or default judgment. Plaintiff personally is on notice that he is ultimately responsible for prosecuting his case, which may be dismissed or otherwise adversely affected because of his chosen counsel's failure to prosecute or failure to comply with court orders and applicable rules.**

The Clerk of Court respectfully is requested to terminate the motion at docket entry 16.

**SO ORDERED.**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**

**Date: August 25, 2026**
**New York, NY**